[No. 3182.   Feb. 2, 1928.]

CITY OF CLOVIS v. CURRY.

[264 Pac. 956.]

Hall & McGhee, of Clovis, for appellant.

Otto Smith, of Clovis, for appellee.

## OPINION OF THE COURT

BICKLEY, J.  Appellee was arrested by the city marshal of the city of Clovis for the alleged offense of having in his possession intoxicating liquors.  A complaint, entitled "Criminal Complaint," was filed against him, signed and sworn to by P. L. Houston, chief of police of the city of Clovis, charging appellee with the violation of Ordinance No. 214 of said city.  Appellee was found guilty of the possession of intoxicating liquors in the court of J. R. Graham, police judge of Clovis, contrary to said Ordinance 214 of said city, and was fined by the court in the amount of $50 and the costs of court.

The defendant (appellee) appealed to the district court of Curry county, and the case was there tried.  After the city had introduced its testimony and evidence, including said Ordinance No. 214, the defendant raised the question of the validity of the ordinance and moved that the defendant be discharged.  The district court took said motion under advisement and thereafter filed its memorandum opinion holding the ordinance invalid, and thereafter entered judgment discharging the defendant.  Thereafter an appeal was allowed to this court.

Appellee has filed a motion to dismiss the appeal, upon the ground that there is no provision of law giving a municipal corporation the right to appeal from a judgment of a district court discharging a defendant upon a criminal charge for the violation of a city ordinance.

The appellant has not filed a brief in response to the motion and brief of appellee, but in the able brief of counsel, requested by the district court to present the matter from the angle of the appellee's rights, there is anticipated some arguments which might be made to sustain

the right of the city to appeal under such circumstances, and the court has been aided thereby.

To begin with, it has been decided by this court that the right to appeal to the Supreme Court is a creature of constitutional or statutory authority, in the absence of which such right does not exist. Jordan v. Jordan, 29 N. M. 95, 218 P. 1035.

By sections 48 and 50 of chapter 43, Laws of 1917, it is provided that the state shall be allowed an appeal in criminal cases only when an indictment, complaint, or information is quashed or judged insufficient upon any interlocutory motion, or judgment is arrested. In State v. Ashcroft, 32 N. M. 209, 252 P. 1001, in referring to the foregoing provisions of our statutes, the court held that the state had no right of appeal in a criminal case, except as the same may be conferred by statute, and that these statutes did not give the state the right of appeal from a judgment of the district court sustaining a plea of former conviction and dismissing the indictment.

In 43 C. J. Mun. Corp. p. 478, § 699, it is said:

"*Right to Review*—(a)   *In General.*—When the jurisdiction over the proceedings for the violation of a municipal ordinance or regulation is conferred on a particular court, its decision when acting within its jurisdiction is final, and there is no right to review it except when authorized by law. The right to appeal is purely statutory, and it is within the province of the Legislature to allow or withhold that right. In most jurisdictions, provision has been made for review of proceedings for violation of municipal ordinances, and the scope and extent of that right must be determined by the law controlling it."

Further, in the same article, in section 700, it is said:

"In the absence of statute providing otherwise the municipal corporation has no right of appeal, especially when the proceedings are considered criminal or quasi-criminal and there is a judgment of acquittal. But by force of statute the corporation may enjoin the right of appeal, especially when the proceedings are considered civil. A legislative act granting the state the right to appeal does not by implication grant the same right to municipal corporations existing under state law."

In our opinion, the ordinance in question attempts to authorize proceedings criminal in their nature, or quasi criminal.

Section 5 of said ordinance provides:

"Any person violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined for a first offense in a sum not exceeding $200.00 or imprisonment not exceeding thirty days, or shall be punished by both such fine and imprisonment within the discretion of the court, and for a second or subsequent offense upon conviction thereof shall be fined not less than $100.00 nor more than $200.00 and shall be imprisoned not less than fifteen days nor more than three months."

There is a very comprehensive case note in Ann. Cas. 1917A, p. 330, under the title, "Nature of Action or Proceeding for Violation of Municipal Ordinance," where the variant views and decisions are presented. The case of Tucumcari v. Belmore, 18 N. M. 331, 137 P. 585, is there noted, and the note writer correctly says that the court assumed upon the circumstances which appeared therein that a proceeding for the violation of a municipal ordinance was civil and not criminal. The assumption was based on the fact that the ordinance was not before the court for its consideration, on the form of the judgment, it being an ordinary judgment for money in the amount of a fine, which the lower court assessed, on the fact that no imprisonment was imposed, nor was any provided for as a means of collecting the indebtedness, and on the fact that the nature of the act charged against the defendant was such as to show that it was not a crime in any sense, and that it was not punishable by any general law of the state, but related solely to a local regulation of the city (prohibiting wooden buildings within prescribed fire limits) for the safety and welfare of its inhabitants. Some of these distinguishing elements will be found considered in other jurisdictions mentioned in the case note heretofore referred to. It will be observed from the portion of the ordinance quoted that a different situation is presented in the case at bar. The appellant would have been subject for the violation of this ordinance to a fine and also an imprisonment, or both, for the first offense, and, for the second or subsequent offense, no discretion is left to the court, but both fine and imprisonment must be imposed by the court. Under the ordinance in question, most of the acts prohibited are also punishable by the

general law of the state, and, it may be remarked, by the prohibition laws of the federal government.

Another interesting case note is found in Ann. Cas. 1917D, p. 986, under the title, "Right of Municipality to Appeal from Judgment in Prosecution for Violation of Ordinance," where the writer, summing up, says:

"As a general rule, if the proceeding is regarded as civil the municipality may appeal, while if it is regarded as criminal there can be no appeal by the municipality except by express statutory authority."

The note writer quotes from a Michigan case, North ville v. Westfall, 75 Mich. 603, 42 N. W. 1068, as fol lows:

"There can be no doubt that, in an action authorized to be commenced by summons or by civil warrant for the collection of penalties, and which is so prosecuted, in the nature of an action for debt, the case would be entirely a civil action, and the municipality as well as the defendant, would be entitled to all the rights of appeal and retrial, as other parties in civil actions. But the prosecution in the present case has proceeded entirely by complaint and warrant as in criminal cases, and upon which the defendant was arrested, and by the provisions of the ordinance, and the statute under which the prosecution was had, could have been imprisoned in the common jail of the county for a term not exceeding ninety days. It is claimed that imprisonment in such cases is not by way of punishment as for a crime or misdemeanor, but simply for the enforcement of the penalty. Yet the statute authorizes and the ordinance provides for imprisonment as well as fine, or both, in the discretion of the court; and upon a conviction the offender may suffer as long a term of imprisonment, as well as adjudged to pay a fine, as in any case of misdemeanor cognizable by a justice of the peace that is criminal in its nature. It is true that the proceedings for the enforcement of ordinances have always been regarded as civil actions, but where, under the statute, the enforcement is sought by a resort to proceedings which are carried forward in all respects as criminal cases are prosecuted, by complaint and warrant, and where the court is authorized to inflict upon the offender not only the fine, and imprisonment for its nonpayment, but also imprisonment aside from a pecuniary fine, I have no doubt that upon a trial on the merits the offender has been as much in jeopardy, within the meaning of that term, as though the proceedings were strictly criminal."

The Oregon Supreme Court, in Portland v. Erickson, 39 Or. 1, 62 P. 753, adopted the reasoning and reached the same decision as the Michigan court.

We have seen it stated from C. J., supra, that a legislative act, granting the state the right to appeal, does not by

implication grant the same right of municipal corporations existing under state law. In Oklahoma City v. Tucker, 11 Okl. Cr. 266, 145 P. 757, Ann. Cas. 1917D, 984, it was contended that because Oklahoma had a statutory provision authorizing the state to appeal in certain cases, namely, "upon a judgment for the defendant, on quashing or setting aside an indictment or information; second, upon an order of the court arresting judgment; third, upon a question reserved by the state."

The court answered this contention that the city also had a right of appeal, by saying:

"Without this provision no appeal could be taken by the state, and we find no such provision authorizing an appeal by the city." * * *

There is no provision of our statutes which expressly or impliedly gives the city a right to appeal in such cases, and, without such a statutory authority, no right of appeal exists. Some states have provided statutory authority for appeals by the city in a case like the one at bar. Alabama is an instance. Section 1220, Code of Alabama, in 1907, provides:

"From the judgment of said circuit court or other court of like jurisdiction the city, in a case involving the validity of an ordinance, or the defendant in any case, may appeal to the Supreme Court of the state."

This court is therefore without jurisdiction to review the ruling of a district court, and therefore the appeal will be dismissed; and it is so ordered.

PARKER, C. J., and WATSON, J., concur.