294 P.2d 1105

**CITY OF CLOVIS, Plaintiff-Appellee,**

v.

**Kenneth KINSOLVING, Defendant-Appellant.**

**No. 5984.**

Supreme Court of New Mexico.

March 19, 1956.

Morgan & Morgan, Portales, Smith & Smith, George M. Murphy, Clovis, for appellant.

James A. Hall, Clovis, for appellee.

HARRIS, District Judge.

This is an appeal from the District Court of Curry County where the appellant was convicted on a charge of driving a motor vehicle while under the influence of intoxicants in violation of Ordinance No. 249 of the City of Clovis, appellant having been previously convicted in the police court of the City and appeal taken therefrom. The pertinent portions of said Ordinance contain the following provisions:

Section 1. "That the driving of cars or other motor vehicles on the streets of the City of Clovis by persons intoxicated is hereby prohibited."

Section 2. "Any person violating the provisions of this ordinance shall be fined in a sum of not less than $100.00 nor more than $200.00, or be imprisoned in the City Jail for a period of not less than ten days nor more than sixty days."

The appellant, on the morning of February 17, 1955, was engaged as a driver in transporting a truck load of cattle from Crossroads in Northern Lea County to a point in or near the City of Clovis in Curry County. Very early on that morning appellant drove the loaded truck from the point of origin to State Highway 18 at Crossroads and proceeded North toward his destination.

The evidence adduced by the City discloses that the appellant was observed just South of the City driving his truck in a reckless, weaving manner. He drove his vehicle very close to a pickup truck parked off the paved portion of the highway and then proceeded across the pavement to its opposite lane. The occupant of the pickup gave pursuit, and managed to stop the vehicle in front of a service station within the City and to persuade the appellant to desist from further driving. An attendant of the service station drove the truck the remainder of the distance to the Cattle Commission Company, with the appellant riding with him until the police arrived on the scene. When the appellant got out of the truck cab at the service station, he was unsteady on his feet and fell; but got up on his own power. The officer smelled liquor on his breath at the time of his arrest and found a fifth bottle of Old Crow Whiskey in the glove compartment of the truck cab with a substantial quantity of the bottle's contents gone. The Chief of Police testified that when appellant was placed in jail, shortly after the arrest, he was very drunk.

Appellant contended that his conduct and actions were due to an injury he had sustained on the morning of the incident, while loading cattle on the truck. He testified, and was corroborated by another witness, that during the course of the loading, an obstreperous steer knocked him down and ran over him. Appellant further testified that after his injury he continued to participate in the loading operation until completion, and drove the truck to Clovis. According to his story he became quite sick shortly after leaving Crossroads. He stopped the truck, got out of the cab and forced himself to vomit by sticking his finger down his throat. This relieved his stomach condition some; but his head and neck continued to hurt him. Continuing appellant stated he had no recollection of passing through Portales but did remember stopping at a point North of that City to take a drink and wash his eyes from the bottle of whiskey in the glove compartment, having seen the bottle when he was previously out of the truck. Three medical doctors testified in behalf of the defendant. One had examined him within an hour after dark on the day of the incident and stated the patient had a contused spot just above his right eye. The diagnosis was possible mild brain concussion, but was not considered serious enough to warrant immediate x-rays. The second doctor was the appellant's family physician who made x-rays of the patient's head several days later. It is not clear from the doctor's testimony whether his examination of the patient and the taking of the

x-rays was on February 22, five days after the incident, or on March 22. He testified there was "conclusive evidence of a fracture in the x-rays"; that the fracture was what he would call a fresh one; and that loss of memory by and a dazed condition of the patient would be consistent with his x-ray findings. The third doctor was less positive as to the x-ray reading than was the family physician. In answer to a direct question as to his interpretation of the x-ray he stated:

"Oh, I see a lot of various marks that are normally present in every patient's skull. In addition I see a very thin and very slight irregular line of decreasing density in this neighborhood of the x-ray film which I thought was highly suggestive of a fracture."

Later, and on cross examination, this witness stated further:

"I never make official reports, written reports signed, on any film that are taken outside my supervision, and these were taken in Dr. Leman's office; therefore, they were not taken with the technique I like to take skull films with, so therefore I cannot be certain as if we took them in my hospital under my supervision."

At the conclusion of the testimony and after argument had been waived, the trial court rendered his decision in this language:

The Court: "The testimony is undisputed that the defendant was driving a motor vehicle upon a public highway. The testimony is uncontradicted that the driving occurred in the City of Clovis. It is admitted by the defendant that he had had a drink of intoxicating liquor. It is contended by the defendant that he had sustained that morning a skull fracture which accounted for his inability or instability of equilibrium. This Court is asked to determine whether or not the drinking that had been done placed the defendant under the influence of intoxicating liquors so that it effected him in any degree in his driving, a question that is most difficult to determine since the expert testimony shows that there was a physical injury. Without going into the testimony of all the witnesses the Court will only make this observation in viewing this testimony that when a person is injured and that injury is troubling him to such an extent that they are unable to properly drive a loaded truck on the highway that it would be the better part of discretion to stop that truck instead of applying medication such as was applied here both externally and internally knowing the risk that it would incur to the traveling public. Now, when viewed from that situation, viewing the testimony here of the witness who overtook the defendant the testimony of the police officer, the court finds that the defendant is guilty as charged, that the penalty imposed in municipal court is again put into effect."

The one assignment of error, argued under a single point is as follows:

"The court erred in finding the defendant guilty when the language of the trial court's decision showed the appellant had established his affirmative defense."

It will be noted that the defendant treated his defense as an affirmative one. Under the facts of this case, it is immaterial whether the defense be treated as affirmative, one of general denial or not guilty. He had the right, duly exercised, to fully present all the evidence available to him that would enable the court to determine the issue. The defendant was either guilty of violating the ordinance as charged, or he was not.

It is urged by appellant that this case occupies the status of a criminal prosecution, and as such the degree of proof necessary for conviction is that prescribed by the "reasonable doubt" rule applicable to jury trials of criminal cases, as distinguished from the "preponderance of the evidence" rule in civil cases. Reliance is placed upon the holding by this court in the City of Clovis v. Curry, 33 N.M. 222, 264 P. 956. There it was held the City had no right of appeal from the trial court's action in discharging the defendant and holding the municipal ordinance invalid, upon which the charge was based. We said that the ordinance being criminal in character, appeal from the court's action was not available to the City without statutory authority therefor.

Appellee concedes the prosecution to be at least quasi-criminal in nature. However, we neither approve nor disapprove appellant's theory as to the necessary degree of proof for conviction of a petty offense triable, under our statutes and decisions, to the court only and without a jury. The reason will appear obvious from the disposition we made of the case.

Had this case been triable and actually tried to a jury upon the record evidence before us and under a proper instruction that the jury must be satisfied of guilt "beyond a reasonable doubt" before returning a verdict of guilty, a conclusion of guilt by the jury, under such instruction, would have been amply supported.

The language of the trial court clearly indicates that he fully considered all the defense evidence, but that he was reluctant to believe all of it. That the defendant had sustained an injury was recognized as an established fact. That the effect of the injury was as serious as contended was not believed. The conclusions reached by the court are amply supported by the record, under either theory as to the required degree of proof. The judgment of the trial court should be affirmed.

It is so ordered.

LUJAN, SADLER and McGHEE, JJ., concur.

COMPTON, C. J., having recused himself, did not participate.