503 P.2d 649

STATE of New Mexico, Plaintiff-Appellee,

v.

Jay W. SPEARMAN, Defendant-Appellant.

No. 883.

Court of Appeals of New Mexico.

Nov. 3, 1972.

Albert J. Rivera, Alamogordo, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Frank N. Chavez, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant was convicted of three counts of unlawful possession of a depressant, stimulant or hallucinogenic drug, namely, Dexamyl, Seconal and Nembutal, contrary to § 54–6–38B(3), N.M.S.A.1953 (Repl.Vol. 1962, pt. 2, Supp.1971). His fifth point on appeal relating to the court's failure to give a requested instruction on defendant's failure to testify is dispositive of the appeal. We reverse.

Defendant did not testify at the trial. He submitted a requested instruction to the effect that the jury could not indulge in any presumptions against him because of his failure to testify. This instruction was refused.

Defendant contends the requested instruction was a correct statement of the law. The state does not dispute that statement. The state argues that the giving of the instruction was discretionary and also that the trial court's general charge to the jury in instruction No. 7 was " . . . broad enough to cover the silence of the Defendant." We disagree.

This case deals with the third facet of the failure to testify instruction. First, in State v. Buchanan, 76 N.M. 141, 412 P.2d 565 (1966) the giving of such an instruction was held proper even when the defendant did not make such a request because the instruction is for the benefit of a defendant. See also State v. Carmona, 84 N.M. 119, 500 P.2d 204 (Ct.App.1972) and Patterson v. State, 81 N.M. 210, 465 P.2d 93 (Ct.App.1970). Second, in State v. Garcia (Ct.App.) 84 N.M. 519, 505 P.2d 862 decided October 13, 1972, the giving of the instruction, even though defendant objected, was held proper since it is an instruction which protected his constitutional

right against self-incrimination. Article II, § 15, New Mexico Constitution.

Although not mentioned in *Garcia*, or any of the other cases heretofore cited, there is an independent statutory ground for requiring that the jury be instructed not to indulge in any presumptions against the defendant because of his failure to testify. Section 41–12–19, N.M.S.A.1953 (2d Repl.Vol.1972) reads as follows:

"   .   .   .   In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of crimes, offenses, and misdemeanors in the courts of this state, the person so charged shall, at his own request but not otherwise, be a competent witness. His failure to testify shall create no presumption against him, *but may be the subject of comment or argument. In trials in the district court such comment or argument shall be within the discretionary control of the court,* and shall entitle the accused to an instruction that the jury shall indulge no presumption against the accused because of his failure to testify." (Emphasis added).

In State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966), the above italicized portion of § 41–12–19, supra, was held unconstitutional in accordance with Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The Miller court then made the following parenthetical comment:

"   .   .   .   (The validity of the remainder of § 41–12–19, supra, is not before us and we decline to consider its possible continued validity under the doctrine noted in Bradbury & Stamm Const. Co. v. Bureau of Revenue, 70 N.M. 226, 372 P.2d 808.)   .   .   ."

The doctrine alluded to in the above quotation is contained in the following language in *Bradbury*:

"It is well established in this jurisdiction that a part of a law may be invalid and the remainder valid, where the invalid part may be separated from the other portions, without impairing the force and effect of the remaining parts, and if the legislative purpose as expressed in the valid portion can be given force and effect, without the invalid part, and, when considering the entire act it cannot be said that the legislature would not have passed the remaining part if it had known that the objectionable part was invalid.   .   .   ."

■ As can be seen from this quotation, before a partially invalid statute such as § 41–12–19, supra, can be held to still be in force it must satisfy three tests. First, the invalid portion must be able to be separated from the other portions without impairing their effect. Second, the legislative purpose expressed in the valid portion of the act must be able to be given effect without the invalid portion. And, thirdly, it cannot be said, on a consideration of the whole act, that the legislature would not have passed the valid part if it had known that the objectionable part was invalid.

Without the language which was voided by *Miller*, § 41–12–19, supra, reads as follows:

"   .   .   .   In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of crimes, offenses, and misdemeanors in the courts of this state, the person so charged shall, at his own request but not otherwise, be a competent witness. His failure to testify shall create no presumption against him, [deleted portion]   .   .   .   and shall entitle the accused to an instruction that the jury shall indulge no presumption against the accused because of his failure to testify."

■ Judged in the light of the three part test in *Bradbury* we see no reason for holding that § 41–12–19, supra, as modified by *Miller* is not still in effect. The result of this holding is that the giving of the instruction, when requested, is not discretionary, but required by § 41–12–19, supra. By our decision we go no further than to hold that when the trial court is requested to give an instruction on defendant's fail-

ure to testify, failure to do so is reversible error.

Lastly, the state contends that the trial court's instruction No. 7 was sufficiently broad to cover defendant's silence. We disagree. Instruction No. 7 read:

"7. Neither the prosecution nor the defense is required to call as witnesses all persons who are shown to have been present at any of the events involved in the evidence or who may appear to have some knowledge of the matters in question in this trial; nor is the prosecution or defense required to produce as exhibits all objects or documents that have been referred to in the testimony, or the existence of which may have been suggested by the evidence. The jury will therefore not apply in favor of or against either the state or the defendant any assumed presumption of favor or prejudice because of the failure of either party to produce or offer any witness or exhibit which the jury speculates either party should have produced or offered."

Apparently, the state's contention is that the jury could infer from this instruction that they should make no presumptions against the defendant because of his failure to testify. Although we are inclined to agree that such an inference from this instruction is a reasonable one, we refuse to indulge in speculation as to the inferences which the jury actually drew. In this case we have a clear denial of a statutorily created procedural right. When such a denial has been established the state has the burden of showing beyond a reasonable doubt that the error was harmless. (State v. Jones, 80 N.M. 753, 461 P.2d 235 (1969) ). The speculation which the state would have us indulge in with regard to possible inferences drawn by the jury from the language of instruction No. 7 does not meet that burden.

Reversed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.