587 P.2d 451

**CITY OF FARMINGTON,
Plaintiff-Appellee,**

v.

**Willie PHILLIPS, Defendant-Appellant.**

**No. 3667.**

Court of Appeals of New Mexico.

Nov. 14, 1978.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. App. Defender, Santa Fe, for defendant-appellant.

Dwight D. Arthur, Farmington, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of keeping a disorderly house contrary to Farmington's municipal ordinance § 21–17 which was in effect on February 5, 1978, appellant appeals asserting the ordinance is either unconstitutionally vague or overbroad.

The evidence showed that during a periodic all-day observation by the police there were between fifteen to twenty people in various stages of intoxication in defendant's yard and house. There was loud music and some of the people were shouting, quarrelling, shoving and fighting. During the day the area became littered with alcoholic beverage cans and bottles. There were young children playing in the immediate area where the shoving and fighting occurred.

Section 21–17, supra, states:

". . . DISORDERLY HOUSE.

"It shall be unlawful for any person to keep any common, ill-governed or disorderly house, or to suffer any drunkenness, quarrelling, fighting, gambling or any riotous or disorderly conduct whatever on his premises, or the premises under his direct possession or control."

The vagueness rule is based on notice and applies when a potential actor is exposed to criminal sanctions without a fair warning as to the nature of the proscribed activity. *State v. Marchiondo*, 85 N.M. 627, 515 P.2d 146 (Ct.App.1973); *State v. Ferris*, 80 N.M. 663, 459 P.2d 462 (Ct.App.1969).

In approaching the question of the constitutionality of a statute every presumption is indulged in favor of the validity and regularity of the legislative act. *Board of*

*Trustees of Town of Las Vegas v. Montano,* 82 N.M. 340, 481 P.2d 702 (1971); *State v. Armstrong,* 31 N.M. 220, 243 P. 333 (1924). *State v. Strance,* 84 N.M. 670, 506 P.2d 1217 (Ct.App.1973) states:

" 'It is well established in this jurisdiction that a part of a law may be invalid and the remainder valid, where the invalid part may be separated from the other portions, without impairing the force and effect of the remaining parts, and if the legislative purpose as expressed in the valid portion can be given force and effect, without the invalid part, and, when considering the entire act it cannot be said that the legislature would not have passed the remaining part if it had known that the objectionable part was invalid. . . .' "

See also *State v. Spearman,* 84 N.M. 366, 503 P.2d 649 (Ct.App.1972); *Bradbury & Stamm Const. Co. v. Bureau of Revenue,* 70 N.M. 226, 372 P.2d 808 (1962).

■ Given the foregoing rules of statutory construction, we examine the ordinance. The words "common" and "ill-governed" are not words of precise definition. They have a wide variety of interpretations and meanings. They are such that a person of ordinary intelligence would have to guess at their meanings. See Random House Dictionary (Unabridged Ed. 1969). These words are unconstitutionally vague.

■ The fact that the words are unconstitutionally vague does not void the entire ordinance. We only declare the words unconstitutional and sever them from the ordinance. *State v. Strance, supra.* We then view the statute as a whole and give words their ordinary meaning unless a different intent is clearly established. *State v. Sierra,* 90 N.M. 680, 568 P.2d 206 (Ct.App.1977).

■ Webster's Third International Dictionary (Unabridged Ed. 1971) defines "disorderly house" as a brothel. Random House, supra, defines it as "a house of prostitution", "brothel" or "gambling place." The meaning of "disorderly house" is plain. It is not ambiguous or vague.

The words "to suffer" implies a willingness of the mind, to approve, to consent to, or permit and not to hinder. Bouvier's Law Dictionary (8th Ed.). The remainder of the ordinance uses words of common meaning which are not subject to a variety of interpretations. There is nothing vague in prohibiting a person from knowingly allowing conduct on his premises inconsistent with peaceable and orderly conduct. It is clear what the ordinance as a whole prohibits. Due process was not violated in forbidding the proscribed activity. Persons of common intelligence would not have to guess at the meaning of the ordinance. *State v. Orzen,* 83 N.M. 458, 493 P.2d 768 (Ct.App.1972).

■ Defendant's overbroad argument is misplaced. A statute is overbroad when constitutionally permissible behavior is made illegal. The ordinance does not restrict the freedom of speech. It only places restrictions on the time, place and manner. *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

We have considered defendant's other arguments and find them to be without merit.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.