778 P.2d 456

STATE of New Mexico,
Plaintiff–Appellant,

v.

Benjamin BARBER,
Defendant–Appellee.

No. 11227.

Court of Appeals of New Mexico.

July 18, 1989.

Certiorari Denied Aug. 18, 1989.

Hal Stratton, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Peter Rames, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

APODACA, Judge.

The state appeals the district court's dismissal of the state's appeal from a magistrate court order. The appeal raises two issues for our consideration: (1) whether the state may properly appeal the magistrate's order to the district court, based partially on double jeopardy considerations; and (2) whether the language of NMSA 1978, Section 66–8–102(I) (Supp.1988) is mandatory. The state filed a second memorandum in response to our proposed disposition; defendant filed a second memorandum in opposition to this court's second calendar notice. Because we answer Issue (1) affirmatively and Issue (2) affirmatively in part and negatively in part, we reverse.

Defendant pleaded guilty in magistrate court to a second offense of driving while intoxicated (DWI) and another charge not relevant here. At the guilty plea proceeding, the magistrate court considered uncontested evidence that the vehicle defendant was driving at the time of the DWI incident was owned by him. The magistrate court's judgment and sentence, however, did not consider Section 66–8–102(I). The state then filed a motion requesting impoundment of the vehicle pursuant to Section 66–8–102(I). After a hearing, the magistrate court denied the motion, indicating that defendant's prior DWI conviction occurred eight years earlier and that Section 66–8–102(I) left impoundment to the discretion of the court.

The state then appealed the denial of its motion to district court. Before the scheduled hearing was held, the district court dismissed the state's appeal, determining that the state had no right to appeal. In doing so, the district court relied on the proscription against double jeopardy and the language of NMSA 1978, Section 35–13–1 (Repl.Supp.1988) (no express provision for appeal from magistrate court by the state in a criminal action). It also determined that mandamus did not lie since Section 66–8–102(I) was discretionary in nature in that it did not specifically require impoundment of a defendant's vehicle.

### State's Right to Appeal

Pursuant to New Mexico Constitution article VI, Section 27, the state is permitted to appeal to the district court from a final judgment or decision rendered by the magistrate court. *Cf. Smith v. Love*, 101 N.M. 355, 683 P.2d 37 (1984) (from metropolitan court); *State v. Santillanes*, 96 N.M. 482, 632 P.2d 359 (Ct.App. 1980) (state has right to appeal from district court), *modified on other grounds*, 96 N.M. 477, 632 P.2d 354 (1981). We believe that Section 35–13–1, is similar to NMSA 1978, Section 39–3–3 (Orig.Pamp.) (ostensibly restricting the state's right to appeal from district court), in merely providing the method for appealing from the magistrate court under certain circumstances. *See State v. Santillanes*, 96 N.M. 482, 632 P.2d 359. The legislature, by statute, may not diminish a right expressly provided by the

constitution. *See id.* Thus, we hold that Section 35-13-1 does not preclude the state's appeal.

■ We also disagree with the district court's determination that double jeopardy precludes the state's appeal. The state sought only correction of a sentence, not a retrial of any factual issue. An appeal for such a purpose ordinarily does not offend the Double Jeopardy Clause. *See State v. Aguilar,* 98 N.M. 510, 650 P.2d 32 (Ct.App. 1982).

Whether Section 66-8-102(I) Is Mandatory

In addition to other penalties for a second offense of driving while under the influence, Section 66-8-102(I) also mandates impoundment or immobilization of the defendant's car for a thirty-day period if the vehicle belonged to defendant at the time of the offense. The word "shall" generally indicates that the provisions of a statute are mandatory and not discretionary. *State v. Lujan,* 90 N.M. 103, 560 P.2d 167 (1977). We must assume that the legislature intended such a result until the contrary is clearly shown. *Id.* However, since the legislature did not include language in Section 66-8-102(I) similar to the language in the amendments to Section 66-8-102(E) (which passed in the same legislative session) precluding suspension or deferral of the sentence, we believe the legislature intended to permit the sentencing court the discretion to suspend or defer the imposition of impoundment or immobilization of defendant's car. *See* NMSA 1978, § 31-20-3 (Repl.Pamp.1987); *State v. Kenneman,* 98 N.M. 794, 653 P.2d 170 (Ct.App. 1982) (concerning sentencing options).

The state agrees that reversal is required but argues that the determination that the magistrate court could suspend or defer the sentence need not be reached. We believe, however, the question is before this court, since it was decided by both the district and magistrate courts. The state also argues that where the legislature intended to allow for a deferral or suspension of penalty, it had so provided. The state asserts that since Section 66-8-102(I), unlike Section 66-8-102(D) and (E), did not so provide, the legislature did not intend the sentence be deferred or suspended. We disagree with this analysis.

Subparagraphs D and E of Section 66-8-102 recognize the general rule that the trial court has the authority to defer or suspend a sentence. *See* § 31-20-3. The legislature, however, included restrictive language in those subparagraphs that the sentence could not be deferred or suspended under certain circumstances, just as it did with the firearm and habitual enhancement statutes. *See* NMSA 1978, §§ 31-18-16 and -17 (Repl.Pamp.1987). *See also State v. Davis,* 104 N.M. 229, 719 P.2d 807 (1986); *State v. Barreras,* 88 N.M. 52, 536 P.2d 1108 (Ct.App.1975). It did not do so in Section 66-8-102(I).

■ Moreover, the general sentencing statute is written in a mandatory form, *see* NMSA 1978, § 31-18-15(B) (Repl.Pamp. 1987), yet there is no question that the statutory section permitting suspension or deferment can apply. *See* § 31-20-3. Although Section 66-8-102(D) and (E) do include the language "if the sentence is suspended in whole or in part or deferred," the reference is only prefatory to the subparagraphs' modification of the general rule regarding length of probation. *See* NMSA 1978, § 31-20-5 (Repl.Pamp.1987). We thus hold the magistrate court had the discretion to suspend or defer the impoundment of defendant's vehicle.

■ Defendant agrees the magistrate court can suspend or defer impoundment of his vehicle but contends this court need not reverse, since the effect of the magistrate court's order was to suspend or defer the sentence. Reversal is required, however, not because the magistrate court's result was necessarily improper, but because the magistrate court failed to comply with the required sentencing options in *Kenneman.* Since the evidence was uncontested that defendant was driving his car at the time of his second offense, the magistrate court had only two choices: (a) it could enter an order impounding or immobilizing defendant's car and either executing or suspending the sentence, or (b) it could enter an

order deferring imposition of the sentence. *See State v. Kenneman.* We need not consider the applicability of *State v. Aragon,* 93 N.M. 132, 597 P.2d 317 (Ct.App. 1979).

Defendant's first memorandum in opposition sought to amend the docketing statement with several facts and a new issue concerning defendant's lack of knowledge that his driver's license would be suspended upon his second conviction of DWI. *See* SCRA 1986, 12–201(C). We denied the motion in our second calendar notice because the facts sought to be added were apparently not of record nor had defendant challenged the voluntariness of his plea in the magistrate court. *See State v. Rael,* 100 N.M. 193, 668 P.2d 309 (Ct.App.1983); *State v. Burdex,* 100 N.M. 197, 668 P.2d 313 (Ct.App.1983); *State v. Brakeman,* 88 N.M. 153, 538 P.2d 795 (Ct.App.1975). Defendant's second memorandum contests our denial of his motion to add the new issue. We still believe defendant's motion was properly denied. Defendant's remedy is through habeas corpus relief. *See* SCRA 1986, 5–802.

In summary, we reverse and remand to the district court with instructions to remand to the magistrate court for entry of an order either (a) impounding or immobilizing defendant's car and either executing or suspending the sentence, or (b) deferring imposition of the sentence.

IT IS SO ORDERED.

HARTZ and CHAVEZ, JJ., concur.