2007-NMSC-042

164 P.3d 942

**CITY OF LAS CRUCES,**
**Plaintiff–Appellant,**

v.

**Steven SANCHEZ, Defendant–Appellee.**

No. 29,872.

Supreme Court of New Mexico.

June 27, 2007.

Jared Abrams, Las Cruces, NM, for Appellant.

Lilley Law Offices, Lawrence W. Allred, Las Cruces, NM, for Appellee.

## OPINION

CHÁVEZ, Chief Justice.

{1} Defendant Steven Sanchez (Defendant) was tried in Las Cruces Municipal Court for violating several municipal ordinances. After ruling mid-trial that Defendant's arrest was illegal, the municipal court judge dismissed the charges. The City of Las Cruces (the City) appealed to the district court. Believing that the City had no right to appeal to the district court, the court dismissed the City's appeal. We reverse and remand.

## I. BACKGROUND

{2} Early in the morning of July 3, 2005, a truck crashed into a Las Cruces home.[1] Witnesses saw two people flee on foot and called the police. Concluding that the truck was registered to Defendant, the responding officers went to Defendant's home and found him passed out. Another person was found hiding in some bushes. After being woken up and read the Implied Consent Act, Defendant submitted to a breath-alcohol test (BAT)—the results of which were allegedly greater than 0.16. Thus, Defendant was arrested for violating several municipal ordinances, including aggravated DWI. *See* Las Cruces, N.M., Municipal Code § 27–12–6–12.1(D)(1) (2004), *available at* http://www.lascruces.org/legal (follow "Municipal & Development Codes" hyperlink).

{3} The City pursued the charges in Las Cruces Municipal Court in front of the Honorable James T. Locatelli. According to defense counsel, Defendant moved at trial to suppress the BAT score because the arresting officers had not actually seen Defendant driving. Defendant claims to have argued that the officers could not make a warrantless arrest under such circumstances, and that the BAT score was fruit of the poisonous tree. According to the City, Defendant did more at trial than simply argue the BAT score to be inadmissible. Instead, the City claims that Defendant was trying to "suppress[ ] the arrest" in its entirety.

{4} Regardless of the exact argument presented to the municipal court, the court sided with Defendant and dismissed all of the charges against him—even those to which the BAT score was not relevant. Written on the "Trial Disposition" form indicating dismissal is the following: "Crime not observed by officers—no statutory exception to warrant requirement." Citing Rule 8–703 NMRA, the City appealed to the Third Judicial District Court, requesting a trial de novo.

{5} In district court, Defendant filed a motion to dismiss the case with prejudice. Defendant argued two things: (1) double jeopardy protections precluded him from be-

---

**1.** Since this case was originally pursued in Las Cruces Municipal Court, there is no record of the original proceedings. Our discussion in this section is derived from the parties' arguments in district court.

ing re-tried, and (2) the City had no statutory or constitutional authority to appeal the municipal court's dismissal of the case. Regarding the double jeopardy issue, the City argued that because Defendant waited until trial to make a suppression motion, it could appeal the municipal court's "trial error" pursuant to *County of Los Alamos v. Tapia,* 109 N.M. 736, 790 P.2d 1017 (1990). The City did not directly respond to Defendant's argument that it lacked authority to appeal. Presumably, the City believed that *Tapia* overcame this alleged problem.

{6} Even though it expressed its opinion that *Tapia* favored the City's double jeopardy argument, the district court ruled that it was without jurisdiction because the City was precluded from appealing the case. The district court's written order dismissing the appeal states that the City had "no statutory or other legal right to appeal from a dismissal of a prosecution in Municipal Court for [a] violation of a city ordinance under the circumstances." The district court relied upon NMSA 1978, § 35–15–11 (1959), which states:

> The municipality shall have the right to appeal to the district court from the municipal court and to the supreme court from any decision of the district court in every case brought for the violation of an ordinance of said municipality. The municipality shall be allowed an appeal from the municipal court to the district court only when the municipal court has held an ordinance or section thereof invalid or unconstitutional or that the complaint is not legally sufficient.

The City appealed to the Court of Appeals. The Court of Appeals transferred the case to this Court because Section 35–15–11 provides that we are to hear a municipality's appeal from the decision of a district court.

## II. DISCUSSION

{7} The issue presented in this case is whether a district court has jurisdiction to entertain a city's appeal from a municipal court's dismissal of charges against a defendant on grounds other than the constitutionality of an ordinance or the sufficiency of a complaint. The extent of a court's appellate jurisdiction is a question of law, which we review de novo. *See State v. Heinsen,* 2005–NMSC–035, ¶ 6, 138 N.M. 441, 121 P.3d 1040.

{8} On appeal to this Court, the City relies upon Article VI, Section 2 of the New Mexico Constitution, Rule 8–703, and a rule of statutory construction to assert that it may appeal the municipal court's ruling to the district court. We disagree with all of the City's arguments.

{9} Article VI, Section 2 provides "that an aggrieved party shall have an absolute right to one appeal." The City argues that Section 35–15–11 should be ignored because it conflicts with this constitutional right. However, the City overlooks the fact that Article VI, Section 2 only applies to cases originating in district court, not to cases originating in courts of limited jurisdiction, such as a municipal court. *See Heinsen,* 2005–NMSC–035, ¶ 10, 138 N.M. 441, 121 P.3d 1040. The City derives no power from this constitutional provision.

{10} Next, the City argues that Rule 8–703, promulgated by this Court through its power to regulate pleading, practice, and procedure, trumps Section 35–15–11. As argued by the City, this argument lacks merit as well. First, Rule 8–703 provides that "[a] party who is aggrieved by the judgment or final order of the municipal court may appeal, *as permitted by law,* to the district court." (Emphasis added.) "As permitted by law" necessarily refers to a constitutional or statutory provision. *See State v. Smallwood,* 2007–NMSC–005, ¶ 6, 141 N.M. 178, 152 P.3d 821; *State ex rel. N.M. Judicial Standards Comm'n v. Espinosa,* 2003–NMSC–017, ¶ 28, 134 N.M. 59, 73 P.3d 197. The City has not directed us to any positive law allowing it to appeal a final judgment of a municipal court in situations other than when the municipal court has determined that "an ordinance or section thereof [is] invalid or unconstitutional or that the complaint is not legally sufficient." § 35–15–11. Second, even if the phrase "as permitted by law" were not found in Rule 8–703, it has long been settled that "[t]he creating of a right of appeal is a matter of substantive law and outside the province of the court's rule making power." *State v. Arnold,* 51 N.M. 311, 314, 183 P.2d 845, 846 (1947); *see also Heinsen,* 2005–

NMSC–035, ¶ 21, 138 N.M. 441, 121 P.3d 1040 ("Absent a firm basis in the law, this Court ought not enlarge the State's substantive right of appeal.").

{11} Finally, the City argues that the second sentence of Section 35–15–11 conflicts with the first and, thus, under principles of statutory severability, the second sentence should be stricken. *See generally Giant Indus. Ariz., Inc. v. Taxation & Revenue Dep't*, 110 N.M. 442, 444–46, 796 P.2d 1138, 1140–42 (Ct.App.1990) (addressing whether unconstitutional portions of a statute were severable from the remaining sections). Again, we disagree. First, the rules of severability are irrelevant to the City's argument since they only come into play when a portion of a statute is *invalid*. *See id.* at 444, 796 P.2d at 1140 ("It is a fundamental principle that a part of a statute may be invalid and the remainder valid, where the invalid part can be separated from other portions, without impairing the force and effect of the remaining portions."). The City does not argue that the second sentence of Section 35–15–11 is invalid, but only that it is "inherently contradictory" with the first. Second, even if the rules of severability applied to contradictory portions of a statute, we do not believe that the two sentences are contradictory.

{12} Section 35–15–11 was originally enacted in 1935 and has been amended only once, in 1959. It appears that the 1935 law was enacted in response to a case decided by this Court a few years earlier. Unlike the present case, in *City of Clovis v. Curry*, 33 N.M. 222, 223, 264 P. 956, 956–57 (1928), the *defendant* appealed to the district court after being convicted of a city ordinance in police court (the predecessor to municipal court). The district court ruled in favor of the defendant; the municipality appealed to this Court. *Id.* at 223, 264 P. at 957. We dismissed the city's appeal since, at that time, a municipality had no statutory right to appeal an adverse ruling from a district court. *Id.* at 227, 264 P. at 958.

{13} The 1935 law created this right. As originally enacted a few years after *Curry*, the statute read: "[C]ities, towns and villages shall have the right to appeal to the Supreme

Court of the State of New Mexico from any decision of the District Court in every case brought for the violation of an Ordinance of the said city, town or village." 1935 N.M. Laws ch. 28, § 1, at 44. The 1959 amendment did the following: (1) granted a municipality the right to appeal a municipal court's ruling to district court; (2) limited this new right to two circumstances; and (3) retained the municipality's right to appeal all of a district court's rulings to this Court. *See* § 35–15–11. While not a prime example of clarity, the two sentences of the statute do not contradict each other. Section 35–15–11 allows a municipality to appeal from municipal court to district court under two circumstances, and from district court to this Court under *all* circumstances, that is, either when the defendant initiated the appeal in municipal court or when the city's appeal from municipal court fell within one of the two allowances.

{14} All of the City's arguments having failed, we typically would rule in favor of Defendant. Our own research, however, suggested to us that had the City relied instead upon Article VI, Section 27 of the New Mexico Constitution, the City would have prevailed. As a result, we requested supplemental briefing on this issue from the parties. Defendant having not persuaded us otherwise, we reverse the district court.

{15} Whereas Article VI, Section 2 governs appeals of cases originating in district court, Article VI, Section 27 governs appeals of cases originating in courts of limited jurisdiction, that is, inferior courts. Article VI, Section 27 provides: "Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and other inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law." The issue is whether this provision confers upon a municipality a constitutional right to appeal an adverse final judgment or decision from a municipal court and, if so, whether the Legislature may abridge that right. Provided a defendant's right to be free from double jeopardy is not violated, *see State v. Foster*, 2003–NMCA–099, ¶ 10, 134 N.M. 224, 75 P.3d 824, we answer the first

question with a "yes" and the second question with a "no."

{16} There are three inferior courts in which criminal proceedings may be brought: metropolitan courts, magistrate courts, and municipal courts. Long-existing precedent provides that Article VI, Section 27 confers a right upon the State to appeal a final judgment or decision from metropolitan and magistrate courts, and that neither this Court nor the Legislature may limit that right. Because of this precedent, we believe the same holds true for situations involving a municipality's appeal from a municipal court.

{17} At the time of *Smith v. Love*, 101 N.M. 355, 683 P.2d 37 (1984), we had a rule limiting the State's ability to appeal from an adverse metropolitan court judgment that was very similar to Section 35–15–11. The rule only allowed the State to appeal from metropolitan court when the lower court had ruled "that an ordinance, statute or section thereof [was] invalid or unconstitutional, or that the complaint or a part thereof [was] not otherwise legally sufficient." *Smith*, 101 N.M. at 356, 683 P.2d at 38 (quoted authority omitted). After holding that Article VI, Section 27 gave the State the right to appeal final judgments of an inferior court, we stated: "While this Court may establish rules of procedure, in doing so it may not abridge or diminish any right expressly provided by the Constitution." *Id.* (citing *State ex rel. Gesswein v. Galvan*, 100 N.M. 769, 676 P.2d 1334 (1984)). Thus, we held our rule to be invalid. *Id.* at 356–57, 683 P.2d at 38–39.

{18} Within a few years of *Smith*, the Court of Appeals decided *State v. Barber*, 108 N.M. 709, 778 P.2d 456 (Ct.App.1989). In that case, the State appealed to the district court a magistrate court's ruling that impoundment of the defendant's vehicle was statutorily left to the lower court's discretion. *Id.* at 710, 778 P.2d at 457. The district court dismissed the appeal on grounds that the State had no right to appeal under NMSA 1978, § 35–13–1 (1975). *Barber*, 108 N.M. at 710, 778 P.2d at 457. Section 35–13–1 governs appeals from magistrate courts. It provides: "Any party aggrieved by any judgment rendered or final order issued by the magistrate court in any civil action or special statutory proceeding, or the defendant aggrieved by any judgment rendered or final order issued by the magistrate court in any criminal action, may appeal...." Because the statute allows for "any party" in a civil case to appeal, and only "the defendant" in a criminal case to appeal, a facial reading of the statute would preclude the State from appealing a criminal case from magistrate court. However, the Court of Appeals in *Barber* held that Article VI, Section 27 confers upon the State a right to appeal from a magistrate court's final judgment or decision. *Barber*, 108 N.M. at 710, 778 P.2d at 457. The court read the statute in a way to avoid holding that it was unconstitutional: "The legislature, by statute, may not diminish a right expressly provided by the constitution. Thus, we hold that Section 35–13–1 does not preclude the state's appeal." *Id.* at 710–11, 778 P.2d at 457–58.

{19} Defendant argues that the portion of the constitutional provision reading "in all such appeals, trial shall be had de novo unless otherwise provided by law" grants the Legislature the right to limit the scope of the City's appeal. In other words, Defendant asserts that since Article VI, Section 27 allows the Legislature to limit the *type of review*, the Legislature may limit the *scope of appeal*. We are not persuaded. It is clear that the words "unless otherwise provided by law" refer only to whether the case is heard de novo in district court and not to the scope of appeal allowed in all cases.

{20} Thus, given that Article VI, Section 27 confers upon the prosecuting authority a right to appeal from a final judgment or decision in metropolitan or magistrate court, we hold that a municipality has a constitutional right to appeal a final judgment or decision in municipal court. Furthermore, because the Legislature may not abridge a constitutional right, we hold that the second sentence of Section 35–15–11 (limiting a municipality's right to appeal to two circumstances) is without force. Understandably believing Section 35–15–11 stripped it of jurisdiction to hear the City's appeal because Article VI, Section 27 was not brought to its attention, the district court dismissed the appeal. However, because Article VI, Sec-

tion 27 trumps the limiting language found in Section 35–15–11, we conclude that the district court erred in dismissing the appeal.

## III. CONCLUSION

{21} We remand this case to the district court for a trial de novo provided it concludes Defendant's right to be free from double jeopardy would not be violated by doing so. In deciding this issue, we point out to the parties and district court that we recently modified *Tapia* in *State v. Lizzol*, 2007–NMSC–024, 160 P.3d 886.

{22} **IT IS SO ORDERED.**

WE CONCUR: PAMELA B. MINZNER, PATRICIO M. SERNA, PETRA JIMENEZ MAES, and RICHARD C. BOSSON, Justices.