2008-NMSC-035

188 P.3d 1151

Jack Gregory COOK and Amy S. Cook, Husband and Wife and as Next Friends of their Minor Children Jack Garrett C., and Connor G. C., Plaintiffs–Respondents,

v.

Eric Scott ANDING and Vincetta T. Lefevre f/k/a Vincetta T. Anding, James A. Jordan and Ronna L. Jordan, Husband and Wife, J.L. Jordan Construction, Inc., A New Mexico Corporation, Mary Jo Walters Real Estate, Inc., A New Mexico Corporation, And Carroll M. Evans as Personal Representative of the Estate of Norma Evans, Defendants–Petitioners.

Jack Gregory Cook and Amy S. Cook, Husband and Wife and as Next Friends of their Minor Children Jack Garrett Cook and Connor G. Cook, Plaintiffs–Respondents,

v.

Eric Scott Anding and Vincetta T. Lefevre, Mary Jo Walters Real Estate, Inc., A New Mexico Corporation, and Carroll M. Evans as the Personal Representative of the Estate of Norma Evans, Defendants–Petitioners.

Nos. 30,148, 30,169.

Supreme Court of New Mexico.

June 4, 2008.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., William C. Scott, Erin E. Langenwalter, Emil J. Kiehne, Albuquerque, NM, Law Offices of Paul S. Grand, P.A., Paul S. Grand, Santa Fe, NM, for Petitioners.

Landry & Ludewig, L.L.P., Stephanie Landry, Albuquerque, NM, for Respondents.

## OPINION

MAES, Justice.

{1} In this case, we determine the proper application of NMSA 1978, Section 38-3-3(A) (2003), which mandates a change of venue "whenever the judge is interested in the result of the case or is related to or has been counsel for any of the parties." The district court granted Plaintiffs' motion for change of venue under Section 38-3-3(A) based on the recusal of three Eleventh Judicial District Court judges. Interpreting Section 38-3-3(A) in its historical context, we hold that the Legislature intended Section 38-3-3(A) to apply to the single-judge districts of the territorial courts and early statehood and that Section 38-3-3(A) is now without force or effect. We reverse the change of venue and remand the case to the Eleventh Judicial District.

## FACTS AND PROCEEDINGS

{2} Plaintiffs filed this lawsuit in 2000 in the Eleventh Judicial District Court, San Juan County, seeking damages for an alleged breach of contract arising from Plaintiffs' purchase of a house in Farmington, New Mexico. Over approximately a four year period, this case was assigned to and removed from all of the judges in the Eleventh Judicial District-three judges recused themselves and the parties excused the others.

{3} After each of the Eleventh District judges had been removed from the case, the Chief Justice of the New Mexico Supreme Court designated Judge Carol Vigil from the First Judicial District to hear all further proceedings, pursuant to Rule 1-088(B) NMRA (2000). Venue remained in the Eleventh Judicial District.

{4} While the case was pending before Judge Vigil, Plaintiffs filed a motion for a change of venue. Plaintiffs' "Motion to Set the Trial in a County Free from Exception Based on Excusal for Cause of the Judges of San Juan County" argued that under Section 38-3-3(A) and NMSA 1978, Section 38-3-7(1965), the recusal "for cause" of the Eleventh Judicial District Judges required a change of venue to the First Judicial District. Specifically, Plaintiffs asserted that Judge Hynes recused himself because the judge had represented former defendants in the lawsuit before being appointed to the bench, and that representation "not only disqualifies [the] judge, but also disqualifies the district (in this case the Eleventh Judicial District) as a proper venue for the case."

{5} While Plaintiffs' Motion was still pending, Judge Vigil retired from the bench, and this case was assigned to Judge Daniel Sanchez of the First Judicial District. Judge Sanchez granted Plaintiffs' motion and transferred venue to the First Judicial District in Santa Fe County, where Judge Sanchez continued to preside over the case. The order stated that because Judge Hynes had been counsel for former defendants "a change of venue is required under § 38-3-3(A) and NMSA 1978, § 38-3-7 to a county of the nearest judicial district which is free from exception."

{6} The Court of Appeals denied Defendants' application for an interlocutory appeal of the change of venue order. Defendants then filed two separate petitions for writ of certiorari. This Court denied the first petition but granted the second. Because the petitions contained the same questions for appeal, this Court retroactively granted the first petition and consolidated the cases.

## STANDARD OF REVIEW

{7} This case turns on the proper interpretation of Section 38-3-3(A), which is an issue of law subject to de novo review. *State v. Cleve*, 1999-NMSC-017, ¶ 7, 127 N.M. 240, 980 P.2d 23. Our primary goal when interpreting a statute is to determine and give effect to the Legislature's intent. *Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 6, 142 N.M. 527, 168 P.3d 99. We do so by first looking to the statute's plain language and giving effect to the plain meaning of the words therein. *Pub. Serv. Co. of N.M. v. N.M. Pub. Util. Com'n*, 1999-NMSC-040, ¶ 18, 128 N.M. 309, 992 P.2d 860. However, if the plain language is ambiguous or leads to a senseless result, the Court must seek the Legislature's intent by other means. *See N.M. Indus. Energy Consumers v. PRC*, 2007-NMSC-053, ¶ 20, 142 N.M. 533, 168 P.3d 105.

## INTERPRETATION AND APPLICATION OF SECTION 38-3-3(A)

{8} Section 38-3-3(A) provides for a change of venue when a judge has a conflict of interest in the case. The Section reads:

> The venue in all civil and criminal cases shall be changed, upon motion, to another county free from exception:
>
> A. whenever the judge is interested in the result of the case or is related to or has been counsel for any of the parties.

Plaintiffs' argument that a judge's conflict of interest requires the disqualification of an entire judicial district also relies on Section 38-3-7, which reads:

> In all cases where a change of venue is granted, the case shall be removed to another county within the same judicial district unless the remaining counties are subject to exception, or unless the change of venue is ordered upon any of the grounds relating to the judge. Under these circumstances, the case shall be removed to some county of the nearest judicial district which is free from exception.

Since the pertinent part of Section 38-3-7 depends on whether the court grants a change of venue motion under Section 38-3-3(A), we focus our analysis on the proper interpretation and application of Section 38-3-3(A).

{9} We first consider the parties' plain language interpretations of Section 38-3-3(A). The parties' arguments center around the meaning of "the judge" within this statute. Both parties argue that their interpretation of the statute is consistent with the statute's plain language and with other rules governing the recusal and designation of judges.

{10} Plaintiffs argue that "the judge" includes any judge assigned to the case, past or present. Plaintiffs assert that Section 38-3-3(A), in conjunction with Section 38-3-7, "require[s] the disqualification of not just a county, but of an entire judicial district when a judge excuses himself or herself for cause." In comparison, Defendants argue that "the judge" refers only to the *presiding* judge, and Section 38-3-3(A) requires a change of venue when the presiding judge is "interested in the result of the case or is related to or has been counsel for any of the parties."

{11} Either of these proffered interpretations, if adopted, would lead to objectionable results and would be at odds with other rules that govern the district courts. Plaintiffs' interpretation imputes a single judge's conflict of interest to an entire judicial district. This interpretation would relegate our venue statute—which protects defendants from unfair or inconvenient forums—to no more than a lottery, dependent on whether the judge assigned to the case would have to recuse himself or herself. This interpretation would provide additional methods for forum shopping and gamesmanship in civil and criminal cases.

{12} Defendants' proposed interpretation is no less incongruous. Defendants argue that where the presiding judge has an interest in the case, that judge shall grant a change of venue motion to the nearest judicial district without exception. Under Defendants' interpretation, a judge's conflict of interest would provide either party an opportunity to seek a mandatory change of venue to a new district. By requiring a judge to move a case to a new judicial district this interpretation of Section 38-3-3(A) would usurp the protections of the New Mexico Constitution—prohibiting judges from sitting on a case in which they have a conflict of interest—and would frustrate the judicial discretion provided by the Code of Judicial Conduct.[1] Thus, Defendants' plain language interpretation is as equally unworkable and undesirable as Plaintiffs' proposed interpretation of Section 38-3-3(A).

{13} The parties' arguments expose the ambiguity and objectionable results of a plain

---

1. Article VI, Section 18 of the New Mexico Constitution, and the Code of Judicial Conduct prohibits judges from sitting on a case "in which either of the parties are related to him by affinity or consanguinity . . . or in which he was counsel, or in the trial of which he presided in any inferior court, or in which he has an interest." *See also State v. Hernandez*, 115 N.M. 6, 20, 846 P.2d 312, 326 (1993) ("In order to require recusal, bias must be of a personal nature against the party seeking recusal.").

language reading of this statute. Having established this inherent confusion in a plain language interpretation of Section 38-3-3(A), we next seek the Legislature's intent for this statute in its history and background. *See State v. Rivera*, 2004-NMSC-001, ¶ 13, 134 N.M. 768, 82 P.3d 939 ("In performing our task of statutory interpretation, not only do we look to the language of the statute at hand, we also consider the history and background of the statute.").

{14} The first Territorial Legislature of New Mexico enacted a predecessor statute to Section 38-3-3(A) in 1851. Laws 1851, ch. 27, § 17 ("The venue shall be changed in all cases both civil and criminal to the nearest county free from exceptions, when the judge is interested . . . ."); *see State v. Holloway*, 19 N.M. 528, 539, 146 P. 1066, 1069 (1914). The Territorial Legislature amended this statute in 1889 to resemble its present form. NMSA 1897, § 2881 (1889) ("The venue in all civil and criminal cases shall be changed whenever the judge is interested in the result, or is related to, or has been counsel for either party. . . .").

{15} The structure of the New Mexico judicial system, from its pre-territorial days to early statehood, necessitated these predecessors to Section 38-3-3(A). In 1846, after the United States declared war on Mexico, Colonel Stephen W. Kearny took control of New Mexico and ordered the drafting of a governing document. Thus, before New Mexico became a territory, it was governed under the Kearny Code of Law.[2] The Kearny Code established the territorial courts and the judicial powers of its officers. Kearny Code of Laws (1846), *Courts and Judicial Powers*, §§ 1-3. Under the Kearny Code, the judicial branch was headed by a supreme court comprising three justices. These justices served dual roles as justices of the Supreme Court and as judges in the district courts, one in each of the three judicial districts. *Id.* § 3. This structure established in the Kearny Code continued after New Mexico became a territory of the United States in 1850.

{16} Naturally, the Territory's population and number of counties increased over time. As the Territory expanded, Congress created new judicial districts for the Territory. To preserve the Territorial court structure, "[a]s each new judicial district was created, a new justiceship/district judgeship position was established, thus increasing the size of the supreme court over a period of time—to four justices in 1887, to five in 1890, to six in 1904, and, finally, to seven justices in 1909." Dan D. Chavez, *The Historical Chronology of New Mexico's Justices and Chief Justices (1846–2006)* 3 (2006); *cf.* Laws 1887, ch. 16 ("*Whereas* the congress of the United States has at its present session, passed a law for the formation of a fourth judicial district in this territory and thereby require the present chief justice and his associates to redistrict the territory for judicial purposes."); NMSA 1897, § 1030 (1890) (establishing that the "Territory of New Mexico shall be divided into five judicial districts" under an Act of Congress approved July 10, 1890); Laws 1905, ch. 1, § 1 (appropriating funds for the newly created Sixth Judicial District beginning in July 1904); Laws 1909, ch. 113, § 1 (fixing the time of holding of district courts

---

**2.** William Wirt Blume & Elizabeth Gaspar Brown, *Territorial Courts and Law: Unifying Factors in the Development of American Legal Institutions*, 61 Mich. L.Rev. 467, 500 (1963):
When New Mexico was occupied in the course of the Mexican War (1846) General Kearny undertook to establish a territorial government. His organic act, usually referred to as the "Kearny Code," began:
"'The government of the United States of America ordains and establishes the following organic law for the Territory of New Mexico, which has become a Territory of the said government.' Then followed a transcript of the Organic Law provided by Congress for the Missouri Territory. After this came forty pages

of laws for the government of the territory. These were compiled by Colonel A.W. Doniphan and a private, Mr. W.P. Hall, who received notice of his election to Congress from Missouri while engaged on the work. The compilation was made from the laws of Mexico, modified to conform to the Constitution of the United States, and from the laws of Missouri, Texas, and Coahuila, the statutes of Missouri, and the rest from the Livingston Code [of Louisiana]."
(alteration in original) (quoting David Yancy Thomas, *A History of Military Government in Newly Acquired Territory of the United States*, 105 (1904)).

for the newly created Seventh Judicial District).

{17} The single-judge districts of the Territory continued into New Mexico's statehood. N.M. Const. art. VI, § 12 (1911) ("The state shall be divided into eight judicial districts and *a judge* shall be chosen for each district by the qualified electors thereof at the election for representatives in congress." (emphasis added)). Although the problems presented by single-judge districts arising when the sole judge was disqualified from a case remained, the New Mexico Constitution provided alternative remedies to the mandatory change of venue enacted by the First Territorial Legislature. For example, Article VI, Section 15 granted the Chief Justice of the New Mexico Supreme Court broad authority to designate a judge pro tempore "[i]f any district judge is disqualified from hearing any cause." Alternatively, Article VI, Section 15 also provides that the parties could select another member of the bar to hear the case, rather than change venue to another district. *See State ex rel. Holloman v. Leib,* 17 N.M. 270, 273–74, 125 P. 601, 602 (1912) ("Under the territorial form of government it was not infrequent, to avoid the expense to litigants on change of venue, to call in another Judge to try a case in which the presiding Judge was disqualified."). In contrast, the change of venue law reflects no substantive changes from its 1889 amendment, causing it to conflict with these constitutional provisions.

{18} Similarly, the New Mexico Supreme Court enacted rules for the governance of the judicial districts. One example is Rule 1–088(B) NMRA (as amended 2000), which governs the procedure for replacing a recused or excused judge:

B. **Procedure for replacing a district judge who has been excused or recused.** In the event a district judge has been excused or recused, counsel for all parties may agree to a district judge to hear all further proceedings and if that district judge so agrees, the clerk of the district court shall assign the case to such district judge. In the event counsel for all parties do not stipulate upon a district judge to try the case or the district judge upon whom they agree refuses to accept the case, within ten (10) days, or in the event that one party notifies the clerk of the district court in writing that they will be unable to agree on a replacement district judge, the clerk shall assign a district judge of another division at random, in the same fashion as cases are originally assigned or pursuant to local district court rule. If all district judges in the district have been excused or recused, and the counsel for all parties have not agreed within ten (10) days on a judge to hear the case, the clerk of the district court shall notify the chief justice of the Supreme Court of New Mexico, who shall designate a judge, justice or judge pro tempore to hear all further proceedings.

This rule provides for a specific remedy when a judge or all the judges in a district have been recused that does not require disqualifying the entire district. However, Section 38–3–3(A) has remained untouched even as the expansion of the judiciary required alternative means of dealing with judges' conflicts of interest. *See, e.g.,* NMSA 1915, § 1366 (1913) ("The number of District Judges in the Fifth Judicial District of the State of New Mexico is hereby increased to two (2)."); NMSA 1941, § 16–302 (1941) (increasing the number of district judges in the Second Judicial District to two); NMSA 1941, § 16–303(i) (1953 Supp.) (increasing the number of district judges in the First Judicial District to two).

{19} Rule 1–088.1 NMRA (2007) and Rule 21–400 NMRA of the Code of Judicial Conduct also conflict with Section 38–3–3(A) in the context of this dispute. Rule 1–088.1 governs the recusal of a judge:

D. **Recusal.** After the filing of a timely and correct exercise of a peremptory challenge, that district judge shall proceed no further. *No district judge shall sit in any action in which the judge's impartiality may reasonably be questioned under the provisions of the Constitution of New Mexico or the Code of Judicial Conduct, and the judge shall file a recusal in any such action.* Upon receipt of notification of recusal from a district judge, the clerk

of the court shall give written notice to each party.

(Emphasis added.) This rule references New Mexico Constitution Article VI, Section 18 and Rule 21–400 NMRA (2004) of the Code of Judicial Conduct, both of which provide guidance as to when a judge should disqualify himself or herself from presiding over a case. These rules provide remedies for the recusal and disqualification of judges, but they do not provide for the disqualification of an entire judicial district, which is the result if a change of venue is granted based upon a judge's recusal. Thus, the historically static development of Section 38–3–3(A) has brought the statute into conflict with the constitution of this state and the rules of this Court.

{20} It is neither necessary nor prudent for this Court to modify the application of a statute merely to accommodate the passage of time. To do so would lead to arbitrary interpretations of old statutes, devoid of the actual intent of the Legislature.

{21} The historical background of Section 38–3–3(A) shows that the language of the statute has remained largely unchanged since the First Territorial Legislature enacted its predecessor. When the judicial districts of the Territory comprised a single judge and the Supreme Court was without the authority provided in the New Mexico Constitution, it was necessary for the Territorial Legislature to provide for a change of venue as a remedy when the district judge had a conflict of interest. Accordingly, Section 38–3–3(A)'s predecessor statutes provided a necessary function required by the realities of the single-judge districts of the territorial courts and early statehood, which is now unnecessary.

{22} The use of "the judge" in Section 38–3–3(A) is a vestige of the past, which is illuminated by the historical context into which this statute was enacted. Therefore, we interpret Section 38–3–3(A) to give effect to the original intent of the Legislature in promulgating this statute and hold that in light of the increased number of judges per jurisdiction and the rules promulgated by this Court under the authority of the New Mexico Constitution, Section 38–3–3(A) is without force or effect in our courts.

## ABUSE OF DISCRETION

{23} Given this holding, it is necessary to determine whether granting the change of venue motion was an abuse of the district court's discretion. *See McCauley v. Ray,* 80 N.M. 171, 176–77, 453 P.2d 192, 197–98 (1968) ("We will reverse a trial court's denial of a motion for change of venue only when it is shown that the trial court acted unfairly or committed a palpable abuse of discretion."). In this case, the district court based its order granting the change of venue motion solely on Section 38–3–3(A) and the recusal of the three Eleventh Judicial District Judges. Our holding above renders the change of venue motion baseless. Therefore, the order granting the motion was an abuse of discretion.

## CONCLUSION

{24} We reverse the change of venue and remand the case to the Eleventh Judicial District Court, Judge Sanchez presiding.

{25} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PATRICIO M. SERNA, RICHARD C. BOSSON, and CHARLES W. DANIELS, JJ.