## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2009-NMSC-026

Filing Date: May 26, 2009

Docket No. 31,097

CITY OF LAS CRUCES,

Plaintiff-Appellant,

v.

STEVEN SANCHEZ,

Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY
Jerald A. Valentine, District Judge

Office of the City Attorney
Jared Abrams
Las Cruces, NM

for Appellant

Lilley Law Offices
Marc A. Lilley
Law Cruces, NM

for Appellee

## OPINION

**MAES, Justice.**

**{1}** This is the second time this case has come before us for review. *See City of Las Cruces v. Sanchez*, 2007-NMSC-042, 142 N.M. 243, 164 P.3d 942. The sole issue in the first appeal was "whether a district court has jurisdiction to entertain a city's appeal from a municipal court's dismissal of charges against a defendant on grounds other than the constitutionality of an ordinance or the sufficiency of a complaint." *Id.* ¶ 7. We held that a municipality has a constitutional right to appeal a final judgment or decision from municipal court and remanded the case to the district court for a trial de novo. *Id.* ¶ 21.

1

**{2}**     In the district court following our remand, Steven Sanchez (Defendant) filed a motion to suppress evidence arising from his arrest for the violation of several municipal ordinances, including aggravated driving while under the influence of intoxicating liquor (DWI). *See* Las Cruces, N.M., Municipal Code (LCMC) § 27-12-6-12.1(D)(1) (2004), available at http://www.las-cruces.org/legal/city_clerk/codes-dir/. The district court granted the motion and dismissed the case with prejudice on the ground that the warrantless misdemeanor arrest was illegal, because the offense did not take place in the presence of police officers and the presence requirement for the misdemeanor arrest was not otherwise excepted by a valid arrest under NMSA 1978, Section 66-8-125 (1978). We hold that the arrest was valid under Section 66-8-125(A)(1), because the arresting officer had reasonable grounds to believe that Defendant had been present at the scene of the accident and had committed the crime of DWI. Therefore, the legality of Defendant's arrest did not require the offense to be committed in the presence of an officer. Because the validity of the arrest under Section 66-8-125 was the sole issue decided by the district court, we reverse the court's suppression order and remand the case for further proceedings.

## BACKGROUND

**{3}**     Officers received a report that a vehicle had crashed into a house, and that the vehicle's driver and passengers had fled the accident scene on foot. Arriving five to ten minutes after the crash, the officers did not encounter either a driver or passengers at the accident scene.

**{4}**     Officer Felix Guerra, who did not report to the scene of the accident, searched the surrounding neighborhood and found one of the passengers of the vehicle hiding in the general area of the accident. The passenger identified Defendant as the driver, but he gave no other information concerning Defendant's location. Officers at the scene, including the arresting officer, Robert Benevidez, checked the vehicle's license plate number and registration, which provided the officers with Defendant's address and led them to conclude that Defendant was the driver.

**{5}**     Defendant's name and address were relayed to Sergeant Kevin Renn who took several officers with him to Defendant's home. The officers knocked on the door, which was answered by some unidentified people who claimed that Defendant was not home, but gave the officers permission to search the residence. The officers found Defendant unconscious on the floor of a bathroom. Sergeant Renn testified that Defendant had visible injuries that could have been caused by the deployment of an air bag, which was consistent with the condition of the vehicle found at the accident scene.

**{6}**     After Defendant had been taken into custody, Officer Benevidez arrived from the scene of the accident to investigate Defendant for a possible DWI. Officer Benevidez testified that Defendant appeared visibly intoxicated and that he noticed the odor of alcohol on Defendant's person and breath. Officer Benevidez arrested Defendant for leaving the scene of the accident and DWI. After the arrest, Defendant submitted to a breath test, which,

according to the municipal court criminal complaint, showed that Defendant's blood-alcohol content was .16 or greater.

**PROCEDURAL HISTORY**

**{7}** The City of Las Cruces (City) first filed the charges against Defendant in Las Cruces municipal court. The court, however, dismissed the charges against Defendant. Handwritten on the court's disposition form is the apparent reason for the dismissal: "Crime not observed by officers—no statutory exception to warrant requirement." The City appealed, but the district court dismissed the appeal on the ground that the City did not have a right to appeal from the municipal court's dismissal, which resulted in this Court's first review of this case. We reversed the dismissal and remanded the case to the district court for a trial de novo. *Sanchez*, 2007-NMSC-042, ¶¶ 20-21.

**{8}** After remand, Defendant filed a motion to suppress the evidence arising from his warrantless misdemeanor arrest, asserting that the arrest was invalid under the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution. Defendant argued that the arrest violated New Mexico's misdemeanor arrest rule, because the offense was not committed in the presence of an officer. The City argued that the arrest was valid under Section 66-8-125, which provides an exception to the misdemeanor arrest rule by permitting an officer to arrest without a warrant any person "present at the scene of a motor vehicle accident" when the officer has reasonable grounds to believe that person has committed a crime. Section 66-8-125(A)(1), (B). The district court found that "[Section] 66-8-125 does not provide an exception for the warrant requirement for arrest unless the law enforcement officer encounters the person at the scene of the accident," and therefore, the court concluded that "the 'accident scene' exception to the general misdemeanor arrest rule does not apply and Sanchez' warrantless arrest was illegal." The district court granted Defendant's motion to suppress and dismissed the case because the City could not proceed with the prosecution absent the evidence stemming from the arrest.

**{9}** The City appeals directly from the judgment of the district court to this Court. *See* NMSA 1978, § 35-15-11 (1959), invalidated in part by *Sanchez*, 2007-NMSC-042. The City argues that Section 66-8-125 permits officers to arrest, without a warrant, any individual who was present at the scene of an accident and does not require that officers encounter the individual at the scene of the accident. Therefore, the City argues, the district court erred by suppressing the evidence on the ground that the offense was not committed in the presence of an officer.

**DISCUSSION**

**{10}** The issue before us is whether Section 66-8-125 permits officers to arrest an individual who has fled the scene of an accident before the officers arrived, when the officers did not encounter the individual at the scene of the accident. Section 66-8-125 provides, in

3

relevant part:

> A. Members of the New Mexico state police, sheriffs and their salaried deputies and members of any municipal police force, may arrest without warrant any person:
>> (1) present at the scene of a motor vehicle accident;
>
> . . . .
>
> B. To arrest without warrant, the arresting officer must have reasonable grounds, based on personal investigation which may include information from eyewitnesses, to believe the person arrested has committed a crime.

This is a question of statutory interpretation that we decide de novo. *Cook v. Anding*, 2008-NMSC-035, ¶ 7, 144 N.M. 400, 188 P.3d 1151. Our goal in the interpretation of statutes is to effectuate the Legislature's intent in enacting the statute. *Id.*

**{11}** Generally, in New Mexico, an officer may execute a warrantless misdemeanor arrest only if the offense was committed in the officer's presence. *State v. Ochoa*, 2008-NMSC-023, ¶ 11, 143 N.M. 749, 182 P.3d 130; *see Cave v. Cooley*, 48 N.M. 478, 482 83, 152 P.2d 886, 888 89 (1944). "[A] crime is committed in the presence of an officer when the facts and circumstances occurring within his observation, in connection with what, under the circumstances, may be considered as common knowledge, give him probable cause to believe or reasonable grounds to suspect that such is the case." *Ochoa,* 2008-NMSC-023, ¶ 11 (internal quotation marks and citation omitted).

**{12}** Section 66-8-125 creates an exception to this general rule by allowing officers to arrest "without a warrant any person . . . present at the scene of a motor vehicle accident." *See Ochoa*, 2008-NMSC-023, ¶ 12 ("The legislature has created specific exceptions to the 'presence' requirement." (citing § 66-8-125(B)). Defendant argues that for the arrest to be valid under Section 66-8-125, the officers first had to encounter Defendant at the scene of the accident. We disagree.

**{13}** "An officer has two immediate concerns upon arriving at an accident scene—care for the injured and traffic safety." *State v. Calanche*, 91 N.M. 390, 393, 574 P.2d 1018, 1021 (Ct. App. 1978). After attending to those duties, Section 66-8-125(B) requires that an officer establish reasonable grounds through personal investigation that an individual committed a crime, before the officer can execute a warrantless arrest under the statute. *See Calanche*, 91 N.M. at 393, 573 P.2d at 1021. In *Calanche*, the Court of Appeals held that when the defendant was taken to the hospital during the arresting officer's investigation and the officer developed subsequent reasonable grounds on which to arrest the defendant, the defendant's arrest at the hospital was valid under Section 66-8-125. *Id.* The Court of Appeals reasoned that the arrest was valid because officers are required to investigate an accident prior to making an arrest under the statute: "We do not believe the Legislature intended that a person

4

involved in an accident could avoid a valid warrantless arrest by leaving the accident scene before the officer's investigation developed grounds to arrest that person." *Id.* Therefore, Section 66-8-125(A) (permitting warrantless arrest of a person "present at the scene of a motor vehicle accident") and Section 66-8-125(B) (requiring an investigation) must be read in accordance with one another to effectuate the statutory authority to arrest and to satisfy officers' statutory duty to investigate. *See Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 17, ___ N.M. ___, 206 P.2d P.3d 135 ("Thus, the meaning of the term is ambiguous, and we will look to the Act's related provisions to determine what the Legislature intended." (citing *Gen. Motors Acceptance Corp. v. Anaya*, 103 N.M. 72, 76, 703 P.2d 169, 173 (1985) ("[This Court] read[s] the act in its entirety and construe[s] each part in connection with every other part in order to produce a harmonious whole.") (citation omitted)).

**{14}** We agree with Defendant that *Calanche* is distinguishable from the present case on its own facts. In *Calanche*, the arresting officer encountered the defendant at the scene of the accident, and the defendant was then involuntarily removed from the scene to receive medical treatment. In the present case, Defendant left the scene of the accident voluntarily.

**{15}** We believe, however, that limiting officers' authority to arrest under Section 66-8-125, by prohibiting the arrest of an individual who is removed from the scene of the accident before officers arrive to investigate, would be inconsistent with the legislative intent of the statute. The ineffectual result of such a limitation is especially pernicious in DWI investigations. Because evidence of intoxication fades over time, officers must promptly locate and investigate an individual suspected of DWI. If officers are required to encounter an individual at the scene of an accident for an arrest to be valid under Section 66-8-125, then the officers' authority to arrest without a warrant would be defeated by an individual's mere absence from the scene prior to the investigating officers' arrival. This would create the added delay of requiring a warrant for the individual's arrest and would provide an intoxicated individual with a potential means of avoiding a DWI charge where the added delay of obtaining a warrant allows evidence of the individual's level of intoxication at the time of driving to dissipate. Such a limitation would provide an intoxicated individual with an enticing incentive to flee. Therefore, we hold that the Legislature intended to authorize officers to arrest without a warrant individuals who either are or were present at the scene of a motor vehicle accident, when the arresting officer has developed reasonable grounds, through personal investigation, to believe the individual committed a crime. The Legislature did not intend to predicate this authority on whether the officer first encountered the individual at the accident scene.

**{16}** The arrest, however, must take place with reasonable promptness from the time of the accident. "The requirement of reasonable promptness is designed to prevent too great an inroad on the rule requiring a warrant of arrest if practicable." *Calanche*, 91 N.M. at 393, 573 P.2d at 1021 (citation omitted). Once the arresting officer's investigation satisfies Section 66-8-125(B), the subsequent arrest of an individual pursuant to the officer's investigation is valid if the arrest is made with reasonable promptness. *See Id.*

**{17}** In the present case, the arresting officer had reasonable grounds to arrest Defendant without a warrant under Section 66-8-125(B). During his investigation of the accident scene, Officer Benevidez checked the abandoned vehicle's registration and license plate number, which revealed Defendant's name and the address at which he was eventually arrested. This evidence was corroborated by the passenger's identification of Defendant as the driver. Officer Benevidez also interviewed witnesses at the accident scene, and he spoke with and observed Defendant after Defendant was taken into custody. Officer Benevidez developed grounds to believe that Defendant was the driver of the vehicle and had been driving under the influence of alcohol. Thus, Officer Benevidez's personal investigation provided adequate grounds to believe that Defendant had committed the crime of DWI.

**{18}** Evidence at the suppression hearing established that officers arrived at the scene of the accident within five to ten minutes of the accident. Officers' testimony indicated that the house at which Defendant was located and arrested was near to the scene of the accident. Therefore, the evidence established that the arrest was made with reasonable promptness following the accident. Accordingly, we hold that Defendant's warrantless arrest was valid under Section 66-8-125, and therefore, the offense need not have been committed in the presence of an officer.

**CONCLUSION**

**{19}** The sole basis for the district court's suppression order was that the offense was not committed in the presence of an officer. Therefore, we reverse the judgment of the district court and remand the case for further proceedings.[1]

**{20}** **IT IS SO ORDERED**.

_____

**PETRA JIMENEZ MAES, Justice**

**WE CONCUR:**

_____

**EDWARD L. CHÁVEZ, Chief Justice**

_____

**PATRICIO M. SERNA, Justice**

_____

[1]We need not decide whether Defendant's arrest under Section 66-8-125 comports with the reasonableness requirements of the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution. This argument was not presented in the district court and was not argued before this Court.

**RICHARD C. BOSSON, Justice**

_____
**CHARLES W. DANIELS, Justice**

**Topic Index for Las Cruces v. Sanchez, No. 31,097**

| AE | APPEAL AND ERROR |
|----|-----------------|
| AE-ST | Standard of Review |

| CL | CRIMINAL LAW |
|----|--------------|
| CL-DG | Driving While Intoxicated |
| CL-MS | Misdemeanor |
| CL-MH | Motor Vehicle Violations |

| CA | CRIMINAL PROCEDURE |
|----|--------------------|
| CA-AT | Arrest |
| CA-MR | Motion to Suppress |
| CA-WA | Warrantless Arrest |

| ST | STATUTES |
|----|----------|
| ST-IP | Interpretation |
| ST-LI | Legislative Intent |