This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                 **NO. 28,568**

**ERNEST PACHECO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Farhan Khan, Assistant Attorney General
Santa Fe, NM

for Appellee

Albright Law & Consulting
Jennifer R. Albright
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals the district's court affirmance of his metropolitan court conviction for driving while intoxicated (first offense), careless driving, and leaving

the scene of an accident. On appeal, Defendant asserts that he received ineffective assistance of counsel at trial and that the trial court erred by denying his motion to suppress, by refusing to allow him to introduce photographic evidence, and by denying him a second peremptory challenge to strike an alternate juror. Having duly considered Defendant's arguments, we affirm the decision of the district court.

**BACKGROUND**

On December 16, 2005, Defendant was charged with one count of DWI, one count of careless driving, and one count of leaving the scene of an accident following a report by Ms. Throgmorton that Defendant sideswiped her vehicle and then drove off. Based upon Ms. Throgmorton's report, Officer Locke conducted an investigation that ended with Defendant's being arrested at his home. Defendant asserted at trial that he owns two similar vehicles, one of which is driven by his daughter. Defendant argued that his son-in-law, not he, was the driver of the vehicle involved in the hit-and-run and attempted to introduce photographs of the two vehicles at trial. The photographs were ruled inadmissible, and Defendant was convicted of all three charges pursuant to a jury trial in metropolitan court. Defendant appealed to the district court, which affirmed his convictions. This appeal followed.

**DISCUSSION**

**Ineffective Assistance of Counsel**

2

Defendant argues that he received ineffective assistance of counsel resulting in prejudice against him and leading directly to his conviction. Claims of ineffective assistance of counsel present mixed questions of law and fact subject to de novo review. *State v. Dylan J.*, 2009-NMCA-027, ¶ 33, 145 N.M. 719, 204 P.3d 44.

There is a two-fold test for proving ineffective assistance of counsel: Defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that Defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on Defendant to prove both prongs. *Id.* We note that counsel is presumed competent. *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127.

Defendant contends that, during discovery, trial counsel failed to disclose to the State photographs that purportedly supported his defense. Counsel's failure to timely disclose the photographs resulted in the trial court's refusal to accept the photographs into evidence. Defendant also argues that trial counsel failed to investigate his defense because he did not request the computer-aided dispatch logs, interview or subpoena witnesses, or list possible witnesses in discovery.

In analyzing Defendant's claim, we assume without deciding that a reasonably competent attorney would have conducted an investigation into the validity of his client's defense and timely provided evidence to the opposing party in discovery.

3

However, the record provides no support for Defendant's claim that the lack of photographs at trial and the absence of witnesses other than Defendant resulted in unfair prejudice against him at trial. The record does not show what the photographs depicted, what the witnesses would have testified to, or what the computer-aided dispatch logs would have shown.

"When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Id.* Here, Defendant failed to meet his burden of showing prejudice, and he therefore did not establish a prima facie case of ineffective assistance. Consequently, we decline to remand for an evidentiary hearing. Because Defendant's position is that items not included in the record (such as the photographs) will support his argument, a petition for habeas corpus is the appropriate avenue through which he may seek relief.

Defendant also asserts that counsel's direct examination of Defendant at trial was poor because he did not ask the proper questions, resulting in admonishment by the judge, and failed to elicit clear answers from his client that would establish his

defense, and that counsel's cross-examination of witnesses was not detailed enough. Defendant also argues that trial counsel's closing argument included "what appears to have been very close to an allegation" of impropriety on the part of the prosecution.

Because it is part of the record, we are able to review counsel's performance at trial to determine whether it fell below that of a reasonably competent attorney. *See State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 ("The test for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney."). Defendant's attorney asked questions of the witnesses and made objections. He moved for a directed verdict and for suppression of evidence. During direct examination of Defendant, the judge did admonish the trial attorney to ask specific questions.

Although trial counsel may not have conducted himself perfectly, we cannot say that his actions fell below those of a reasonably competent attorney. Neither was trial counsel's performance so poor as to unfairly prejudice Defendant. *See State v. Schoonmaker*, 2008-NMSC-010, ¶ 32, 143 N.M. 373, 176 P.3d 1105 (noting that ineffective assistance of counsel occurs when the allegedly incompetent representation prejudiced the case such that but for counsel's error, there is a reasonable probability that the result of the proceeding would have been different). The record does not

support a finding that Defendant's attorney was so deficient at trial that the outcome of the proceeding is in question. We affirm on this issue.

**Motion to Suppress**

At trial, Defendant filed a motion to suppress evidence, arguing that his arrest at his home violated the exception to the misdemeanor arrest rule and that all information obtained after the arrest should have been excluded from trial. NMSA 1978, Section 66-8-125 (1978) provides that an officer may arrest an individual present at the scene of an accident as long as the arresting officer has reasonable grounds, based on personal investigation, to believe the person has committed a crime. Section 66-8-125(A), (B).

Defendant argues that because he was not present at the scene of the accident and because the offense was not committed in the presence of the officer, his arrest was unlawful. However, our Supreme Court recently held that an officer may arrest an individual not present at the scene of an accident as long as the officer has developed reasonable grounds to believe the individual committed a crime and the arrest took place with reasonable promptness after the time of the accident. *See City of Las Cruces v. Sanchez*, 2009-NMSC-026, ¶¶ 15-16, 146 N.M. 315, 210 P.3d 212 (holding that where information obtained at the scene of an accident that was corroborated by eyewitnesses and provided adequate grounds to believe the defendant

had committed the crime of DWI, the defendant's arrest at his home near the scene of the accident promptly after the accident occurred was permissible under Section 66-8-125(B)).

In this case, the accident was reported at 7:14 p.m., and the officer arrived at Defendant's house at approximately 7:40 p.m., less than an hour later. Defendant was arrested near the scene of the accident within reasonable promptness after the police officer's investigation suggested that Defendant was the perpetrator of the hit-and-run accident. Under *Sanchez*, Defendant's arrest fits within the exception to the misdemeanor arrest rule and we therefore affirm the metropolitan court's denial of Defendant's motion to suppress. *See* § 66-8-125(B).

**Exclusion of Evidence**

Defendant argues that the metropolitan court erred by failing to allow him to introduce as evidence photographs for impeachment purposes. We review a trial court's admission or exclusion of evidence for abuse of discretion. *See State v. Worley*, 100 N.M. 720, 723, 676 P.2d 247, 250 (1984). An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (filed 1998). "We cannot say the trial court abused its discretion by its ruling unless we can

characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted).

At trial, Defendant moved to introduce into evidence two photographs that he claims supported his defense. The trial court ruled the photographs were inadmissible due to Defendant's failure to disclose the photographs during discovery as required under Rule 7-504(B) NMRA. Defendant argues on appeal that the photographs were improperly excluded because they were offered as demonstrative evidence for impeachment purposes only and were not subject to disclosure during discovery under Rule 7-504(B). In support of his argument, Defendant cites *State v. Ruiz*, 2007-NMCA-014, 141 N.M. 53, 150 P.3d 1003, *cert. denied* 2007-NMCERT-001, 141 N.M. 163, 152 P.3d 150. However, *Ruiz* does not support Defendant's argument and instead holds that Rule 5-502(A)(1) NMRA, the district court counterpart to Rule 7-504(B), requires a defendant to disclose all evidence he intends to introduce at trial prior to trial. *See Ruiz*, 2007-NMCA-014, ¶¶ 41-43. We therefore conclude that the trial court properly acted within its discretion in excluding the photographs offered by Defendant, given Defendant's failure to comply with Rule 7-504(B).

**Peremptory Challenge**

Finally, Defendant argues that the metropolitan court erred by denying him a second peremptory strike during jury selection. Rule 7-605(C) NMRA allows each

party two peremptory strikes of jurors. Defendant exercised one peremptory strike and attempted to exercise his second peremptory strike on the alternate juror, but the metropolitan court judge ruled that he could not use the strike for an alternate juror. The judge's ruling was therefore contrary to Rule 7-605(C).

Although the trial court's ruling was in error, Defendant did not object at the time of the ruling and has failed to preserve this issue for appeal. In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon. *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. Defendant did not draw the trial court's attention to its violation of Rule 7-605(C) and therefore failed to give the trial court the opportunity to correct its error by letting Defendant strike a second juror. We will not consider this argument for the first time on appeal.

**CONCLUSION**

For the reasons stated, we affirm the decision of the trial court.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

---

**MICHAEL D. BUSTAMANTE, Judge**

---

**ROBERT E. ROBLES, Judge**