This decision was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Petitioner,

**v.**                                        NO.  32,094

**DANA FLORES**,

Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Sam B. Sanchez, District Judge**

Gary K. King, Attorney General
Jacqueline R. Medina, Assistant Attorney General
Santa Fe, NM

for Petitioner

Albright Law & Consulting
Jennifer Rebecca Albright
Albuquerque, NM

for Respondent

## DECISION

**Daniels, Chief Justice.**

This matter is before the full Court on certiorari to review the Court of Appeals' memorandum opinion, which affirmed the district court's pretrial order suppressing evidence. Having considered the briefing, record, and applicable law in this case, we concur that there is no reasonable likelihood that a formal opinion would advance New Mexico law. Acting within this Court's discretion under Rule 12-405(B)(1) NMRA to dispose of a case by order or decision rather than formal opinion where the "issues presented have been previously decided," we enter this Decision.

**Facts and Proceedings Below**

Defendant Dana Flores was charged with aggravated DWI under NMSA 1978, Section 66-8-102(D)(3) (2005) (amended 2010). Defendant's motion to suppress evidence and the State's response present the following facts. On December 12, 2005, Officer Salazar was dispatched to the scene of a car accident in Taos. While Officer Salazar was en route to the accident scene, the police dispatcher advised him that two people, a female and a male, had run away from the accident scene and were at a bus stop. Officer Salazar went to the bus stop where he spoke with Defendant, a witness named Mr. Griego, and two police officers. When speaking with Defendant, Officer Salazar noticed that she appeared to be intoxicated. When Officer Salazar asked Defendant to stand up and accompany him

to the accident scene, she refused to cooperate.

Officer Salazar handcuffed Defendant, placed her in his patrol car, and told her she was being detained for investigative purposes. After Officer Salazar interviewed Mr. Griego at the bus stop, he transported Defendant to the accident scene in his patrol car. At the scene, Officer Salazar interviewed Ms. Shiley, another witness to the accident. Both Mr. Griego and Ms. Shiley told the officer that Defendant was driving the car involved in the accident, and each described what had happened. After interviewing Mr. Griego and Ms. Shiley, Officer Salazar asked Defendant to perform field sobriety tests, but she refused. At that point, Officer Salazar informed Defendant that she was under arrest.

Defendant moved to suppress evidence, arguing that she had been unlawfully arrested, in violation of the Fourth Amendment to the United States Constitution. Citing *Cave v. Cooley*, 48 N.M. 478, 152 P.2d 886 (1944), Defendant argued that Officer Salazar did not have probable cause and that no statute allows an officer without a warrant to arrest a person for such a misdemeanor not committed in the presence of an officer. *But cf. City of Santa Fe v. Martinez*, 2010-NMSC-033, ¶ 1, 148 N.M. 708, 242 P.3d 275 (holding that "the misdemeanor arrest rule does not apply to DWI investigations"); *City of Las Cruces v. Sanchez*, 2009-NMSC-026, ¶ 2, 146 N.M. 315, 210 P.3d 212 (holding that under NMSA 1978, Section 66-8-125

4

(1978), an officer may arrest a person without a warrant if that officer has reasonable grounds to believe that the person had been present at the scene of an accident and had committed the crime of DWI). The State responded that Defendant's detention was a lawful investigative stop because Officer Salazar had reasonable suspicion that Defendant had broken or was breaking the law. *See State v. Ochoa*, 2008-NMSC-023, ¶ 19, 143 N.M. 749, 182 P.3d 130.

The Eighth Judicial District Court, Judge Sam B. Sanchez presiding, held a pretrial suppression hearing on April 2, 2007. The only evidence presented at the suppression hearing was the testimony of Officer Salazar. Defendant objected on hearsay grounds multiple times during the testimony. The State responded that hearsay is admissible at a suppression hearing and that the statements were not being offered for the truth of the matter asserted. The district court sustained Defendant's hearsay objections, which prevented Officer Salazar from testifying about the content of any out-of-court statements, including what he learned from the police dispatcher, from the two officers present at the bus stop, and from Mr. Griego and Ms. Shiley.

When the State asked Officer Salazar to explain where he saw the car that had been involved in the accident and whether any damage had been done to the car or any buildings at the accident scene, defense counsel objected on grounds of

relevance. The State explained that the question was relevant to eliciting "the articulable facts that the officer had" so that the court could determine "whether or not the stop was in fact an investigatory detention or an arrest." The court told the State that it was "going to determine it was an arrest based on what [it had] seen and heard so far."

In response to the court's proposed ruling, the State argued in the alternative that Officer Salazar had reasonable suspicion that justified an investigatory stop to determine whether Defendant was committing "a continuing crime, either resisting and evading or fleeing the scene." The district court asked how Officer Salazar could testify about that since he was not present at the scene of the crime. The State responded that Officer Salazar could explain whether, based on his experience, the damage to the car and building evidenced criminal activity. The district court disagreed with the State's position and granted Defendant's motion to suppress, explaining that Officer Salazar "never got to the scene of the accident. He saw [Defendant] before he ever got there. He placed her under arrest." The State asked the court for an opportunity to make a record. The court refused, saying "You've made your record."

On appeal, the State asked the Court of Appeals to vacate the suppression order and remand to the district court for a full evidentiary hearing. The Court of

Appeals denied the State's requested relief in a memorandum opinion. *State v. Flores*, No. 27,647, slip op. at 2 (N.M. Ct. App. Nov. 5, 2009). The Court of Appeals held that the district court's evidentiary rulings were erroneous but refused to vacate the suppression order based on its view that the State had failed to challenge the district court's ultimate legal conclusion that there was an illegal arrest or argue how the State had been prejudiced by the district court's ruling. *Id.* at 5-7.

**Standard of Review**

This Court granted certiorari to consider whether to vacate the suppression order and remand the case for a new hearing on Defendant's motion to suppress. We review the district court's exclusion of evidence under an abuse of discretion standard. *Ruiz v. Vigil-Giron*, 2008-NMSC-063, ¶ 7, 145 N.M. 280, 196 P.3d 1286. "An abuse of discretion occurs when the ruling is clearly against the logic and effects of the facts and circumstances of the case, is clearly untenable, or is not justified by reason." *State v. Balderama*, 2004-NMSC-008, ¶ 22, 135 N.M. 329, 88 P.3d 845. "A trial court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Barr*, 2009-NMSC-024, ¶ 29, 146 N.M. 301, 210 P.3d 198.

**Discussion**

At a suppression hearing, "[t]he court shall receive evidence on any issue of

7

fact necessary to the decision of the motion." Rule 5-212(D) NMRA. In this case, the district court had to determine whether Defendant's detention was a lawful investigative detention or an unlawful arrest. Arrests and investigative detentions are both 'seizures' under the Fourth Amendment, but an arrest is reasonable only if there is probable cause, while an investigative detention can be justified by reasonable suspicion of criminal activity. *See State v. Slayton*, 2009-NMSC-054, ¶ 32, 147 N.M. 340, 223 P.3d 337. The State had the burden of proving that the seizure was justified. *State v. Baldonado*, 115 N.M. 106, 110, 847 P.2d 751, 755 (Ct. App. 1992).

The State argued that it was reasonable for Officer Salazar to detain Defendant for investigative purposes. "Consistent with the reasonableness requirement of the Fourth Amendment, police officers may stop a person for investigative purposes where, considering the totality of the circumstances, the officers have a reasonable and objective basis for suspecting that particular person is engaged in criminal activity." *State v. Sewell*, 2009-NMSC-033, ¶ 13, 146 N.M. 428, 211 P.3d 885. "A bright line test does not exist to evaluate whether an investigatory seizure is invasive enough to constitute an arrest requiring probable cause." *State v. Werner*, 117 N.M. 315, 317, 871 P.2d 971, 973 (1994).

When distinguishing an investigative detention from a de facto arrest, a court

8

should consider whether the police diligently pursued and expanded the investigation. *Id.* at 319, 871 P.2d at 975. Neither handcuffing a suspect nor placing a suspect in a patrol car constitutes an arrest per se. *See id.* at 318, 871 P.2d at 974. Police may move a suspect to a different location in the course of an investigation only if moving the suspect is reasonable under the circumstances. *See, e.g., State v. Flores*, 1996-NMCA-059, ¶¶ 4, 15, 122 N.M. 84, 920 P.2d 1038 (holding that a one-hour roadside detention followed by a two- to three-hour detention in handcuffs at a police warehouse constituted an impermissible de facto arrest).

Because a court must judge the reasonableness of a stop based on the factual circumstances under which it occurred, the district court should have permitted Officer Salazar to testify about the totality of the facts known to him when he detained Defendant. A pretrial hearing is different from a trial in that a pretrial hearing focuses on the admissibility of evidence while a trial focuses on the defendant's guilt or innocence. *State v. Rivera*, 2008-NMSC-056, ¶ 15, 144 N.M. 836, 192 P.3d 1213. Accordingly, it is well established that hearsay is admissible at a pretrial hearing. *See id.* ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." (internal quotation marks and citation omitted)); Rule 11-104(A) NMRA ("Preliminary questions concerning . . . the admissibility of evidence shall be

determined by the court . . . . In making its determination [the court] is not bound by the rules of evidence except those with respect to privileges.").

Furthermore, the testimony the district court excluded on hearsay grounds was not hearsay, *see* Rule 11-801(C) NMRA, because the testimony was not offered for its truth but instead for its effect on the listener. Officer Salazar learned of an accident and investigated based on the information he received, which demonstrates why he seized Defendant, not whether Defendant was actually guilty. *Cf. State v. Greyeyes*, 105 N.M. 549, 551, 734 P.2d 789, 791 (Ct. App. 1987) (statements made by a police dispatcher to an officer were not hearsay because they were offered to explain police codes, not to prove the defendant guilty of DWI). The district court abused its discretion when it sustained hearsay objections at the suppression hearing and prevented Officer Salazar from testifying about the facts known to him.

The district court also erred by refusing to allow the State to make a record for appellate review. A party cannot claim that the exclusion of evidence was error unless the substance of the evidence was made known to the court. *See* Rule 11-103(A)(2) NMRA. The State had the right to make an offer of proof in order to show what evidence it would have introduced through Officer Salazar. *See, e.g., Nichols Corp. v. Bill Stuckman Constr., Inc.*, 105 N.M. 37, 39, 728 P.2d 447, 449 (1986) ("An offer of proof is essential to preserve error where evidence has been

10

excluded."); *State v. Shaw*, 90 N.M. 540, 542, 565 P.2d 1057, 1059 (Ct. App. 1977) ("The right to offer proof is almost absolute.").

We disagree with the Court of Appeals' conclusion that on appeal the State needed to describe the evidence it intended to introduce through Officer Salazar and explain why that evidence would have required the district court to deny the motion to suppress. *See Flores*, No. 27,647, slip op. at 7. The district court prevented both parties from making a record. Requiring the State to argue the merits on appeal would be unfair to Defendant, who did not have an opportunity to make a record in opposition to the State's case by cross-examining Officer Salazar or introducing contradictory evidence. The district court's erroneous and precipitous evidentiary rulings prejudiced both the State and Defendant, constituting reversible error.

**Conclusion**

We reverse the Court of Appeals, vacate the suppression order entered by the district court, and remand to the district court with instructions to conduct a suppression hearing that is consistent with this Decision.

**IT IS SO ORDERED.**

_____
**CHARLES W. DANIELS, Chief Justice**

**WE CONCUR:**

_____
**PATRICIO M. SERNA, Justice**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

12